UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE S. RAMIREZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　Respondent. | No.  2:14-cv-1016 WBS DAD P<br><br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Petitioner is currently incarcerated at the California Institution for Men, in Chino, California.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

Petitioner challenges a judgment of conviction and sentence entered against him in 1996 in the Sacramento County Superior Court.  Petitioner seeks resentencing under California's Three Strikes Reform Act of 2012, pursuant to California Penal Code § 1170.126.  For the reasons discussed below, this court recommends dismissal of the pending federal habeas petition without prejudice to petitioner seeking relief in the state courts.

/////

1

1  I. Legal Standards

2      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

3  petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

4  petitioner is not entitled to relief in the district court . . . ."  Rule 4, Rules Governing Section 2254

5  Cases.  See also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); Gutierrez v. Griggs, 695

6  F.2d 1195, 1198 (9th Cir. 1983).  The Advisory Committee Notes to Rule 8 indicate that the court

7  may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary

8  dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the

9  answer and petition are considered; or a dismissal after consideration of the pleadings and an

10  expanded record."

11  II. Petitioner's Filings

12      A.  The Federal Petition

13      Petitioner initiated this action on April 21, 2014, by submitting a "completed" form used

14  by prisoners to petition for a writ of habeas corpus in the federal courts pursuant to 28 U.S.C. §

15  2254.  (ECF No. 1.)  That form petition, totaling 127 pages, is deficient in several ways, including

16  the fact that it is entitled "Admission to Possession of a Sharp Wood Instrument.  Penal Code

17  Section 4502(A)."  (Id. at 1.)  Therein, petitioner identifies the following four claims for relief:

18  
19      Ground One:  Due Process Clause of the Fourteenth Amendment
        and Sixth Amendment and Eight[h] Amendment . . . . The Three
        Strikes Law fails to state the consequences of violating a criminal
20      statute with sufficient clarity in violation of the Due Process Clause
        of the Fourteenth Amendment to the United State Constitution.

21      Ground Two:  Unconstitutional under the United State Constitution
        Amendment, Amendment Eight, Amendment Six and Amendment
22      Five, as well as state law; Due Process Clause of the Fourteenth
        Ammento.  Petitioner present evidence under subpoena.  Witness
23      declaration.

24      Ground Three:  Exhibit, Motion to Recall Sentince And Resentence
        Defendant.
25  
        Ground Four:  Any conviction previous to March 7, 1994 the date
26      Three Strikes was enacted cannot be used as a strike prior.

27  (Id. at 5-10) (sic).

28  /////

2

1    Petitioner avers that he exhausted his Ground Two for relief in the state courts in 1997,

2  but has not exhausted Grounds One, Three or Four for relief.  (Id. at 6-10.)  This court's review of

3  the California Supreme Court's docket[1] indicates that petitioner has not filed any matter in the

4  California Supreme Court since 1997.

5    Petitioner identifies the relief he seeks as follows:  "Motion to strike state conviction

6  under Proposition 1170.126.  Motion to recall sentence under (Penal) Code section 1170(d)."

7  (ECF No. 1 at 15)

8    B.  Filings Intended for the State Courts[2]

9    Petitioner has also submitted two sets of documents (ECF Nos. 4, 9) which appear to have

10  been intended for filing in California courts since the heading on both is "In the Suppeme (sic)

11  Court of the State of California in the County of Sacramento."  (Id.)  The first filing seeks, with

12  no explanation, an "en banc rehearing . . . on a writ of habeas corpus."  (ECF No. 4.)  The second,

13  more substantive filing, entitled in part as a petition for writ of habeas corpus, seeks to recall

14  petitioner's current sentence and obtain resentencing.  (ECF No. 9.)

15  III.  Discussion

16    Dismissal of petitioner's federal petition for writ of habeas corpus is appropriate for two

17  principal reasons.  First, even if petitioner's claims could reasonably be construed to state

18  cognizable claims for federal habeas relief, he has conceded that three of his four claims have not

19  been exhausted in the state courts.  The exhaustion of state court remedies is a prerequisite to

20  granting a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the

21  exhaustion requirement by providing the highest state court with a full and fair opportunity to

22

23  [1] This court may take judicial notice of its own records and the records of other courts.  See
   United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631
24  F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts
   that are capable of accurate determination by sources whose accuracy cannot reasonably be
25  questioned).

26
   [2] In a previous case he filed in this federal court, petitioner also filed documents with the court
27  which he clearly intended for the state courts.  See Ramirez v. State of California, Case No. 2:14-
   cv-0832 CKD P, ECF No. 4 (closing case with directions to the Clerk of Court to return
28  petitioner's filing).

1    consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270,

2    276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).  A waiver of exhaustion

3    may not be implied or inferred.  28 U.S.C. § 2254(b)(3).[3]  Absent the inclusion of Grounds One,

4    Three and Four in a "mixed" petition and a related stay and abeyance of this action, addressed

5    below, the failure of petitioner to first exhaust those claims for relief in the state courts deprives

6    this court of jurisdiction to consider those claims.

7         Second, petitioner's alleged exhaustion in the state courts of the claim set forth in his

8    Ground Two for relief appears to be unavailing.  A federal petition for writ of habeas corpus must

9    be filed within one year after the challenged judgment became final in the state courts by the

10   conclusion of direct review.  See 28 U.S.C. § 2244(d)(1).  Petitioner's petition for review before

11   the California Supreme Court was denied on September 24, 1997, over 16 1/2 years before this

12   federal habeas action was filed on April 21, 2014.  (See Docket, Calif. Supreme Court, The

13   People v. Eugene Ramirez, Case No. S063574.)  Therefore, petitioner's Ground Two, allegedly

14   exhausted long, long ago, appears to clearly be untimely raised in this court.

15        It is perhaps conceivable that equitable tolling could apply to extend the one-year statute

16   of limitations for petitioner's presentation of his Ground Two in this federal habeas court.  See

17   Holland v. Florida, 560 U.S. 631, 645-46 (2010) (AEDPA's statute of limitations is

18   nonjurisdictional and subject to equitable tolling).  However, a petitioner is entitled to equitable

19   tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some

20   extraordinary circumstance stood in his way' and prevented timely filing."  Id. at 649 (quoting

21   Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (emphasis deleted)).  "The requirement that

22   extraordinary circumstances 'stood in his way' suggests that an external force must cause the

23   untimeliness, rather than . . .  merely oversight, miscalculation or negligence on the petitioner's

24   part, all of which would preclude the application of equitable tolling."  Waldron–Ramsey v.

25   Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (citation, quotation and punctuation marks

26   omitted).  "Courts take a flexible, fact-specific approach to equitable tolling.  '[S]pecific

27   _____

28   [3]  A petition may be denied on the merits without exhaustion of state court remedies.  See 28
     U.S.C. § 2254(b)(2).

circumstances, often hard to predict in advance, could warrant special treatment in an appropriate

case.'" Gibbs v. Legrand, 767 F.3d 879, 885 (9th Cir. 2014) (quoting Holland, 560 U.S. at 650).

Moreover, "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not

'maximum feasible diligence.'" Holland, 560 U.S. at 653 (citations and internal quotation marks

omitted).  Petitioner bears the burden of demonstrating that equitable tolling should apply.  Gibbs,

767 F.3d at 884-85 (citations omitted).

　　　　Here, if petitioner could meet his burden of demonstrating his entitlement to equitable

tolling with respect to his claim in Ground Two for relief, then his federal habeas petition would

be "mixed" (containing both exhausted and unexhausted claims), and he could request that this

action be stayed pending his exhaustion of Grounds One, Three and Four.  As a general rule, a

mixed petition containing both exhausted and unexhausted claims must be dismissed.  Rose v.

Lundy, 455 U.S. 509 (1982).  However, there are two procedures available to federal habeas

petitioners who wish to proceed with both exhausted and unexhausted claims.  See King v. Ryan,

564 F.3d 1133 (9th Cir. 2009).  Both procedures "are directed at solving the same problem –

namely, the interplay between AEDPA's one-year statute of limitations and the total exhaustion

requirement first articulated in Rose v. Lundy, 455 U.S. 509 (1982)."[4]  King, 564 F.3d at 1136.

---

[4]  The two options for a federal habeas petitioner to proceed on both exhausted and unexhausted
claims are known as the "Kelly procedure" and the "Rhines procedure."  The "Kelly procedure"
involves the following three-step process:

> (1) a petitioner amends his petition to delete any unexhausted
> claims; (2) the court stays and holds in abeyance the amended, fully
> exhausted petition, allowing the petitioner the opportunity to
> proceed to state court to exhaust the deleted claims; and (3) the
> petitioner later amends his petition and re-attaches the newly-
> exhausted claims to the original petition.

King, 564 F.3d at 1135 (citing Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003).
Significantly, "the Kelly procedure . . . is not premised upon a showing of good cause."  King,
564 F.3d at 1140.  However, "[a] petitioner seeking to use the Kelly procedure will be able to
amend his unexhausted claims back into his federal petition once he has exhausted them only if
those claims are determined to be timely" under AEDPA's statute of limitations.  Id. at 1140-41.
Thus, the Kelly procedure does not protect a petitioner's unexhausted claims during a stay from
being barred by the statute of limitations.  King, 564 F.3d at 1140-41.  However, if a newly
exhausted claim is time-barred, it may be added to an amended petition if it "relates back" to
petitioner's original exhausted claim, that is, if it is of the same "time and type" as the original

1    Nevertheless, because it is quite unlikely that petitioner can demonstrate his entitlement to

2    equitable tolling for the lengthy period of 15 ½ years required here, the undersigned will

3    recommend dismissal of this federal habeas action without prejudice.  Petitioner may, however, in

4    objections to these findings and recommendations, attempt to demonstrate that he is entitled to

5    equitable tolling of the one-year statute of limitations for raising his claim set forth in Ground

6    Two for relief in this court.  If petitioner meets his burden in that regard, the court will vacate

7    these findings and recommendations and accord him additional time to request a stay of this

8    action for the purpose of exhausting Grounds One, Three and Four.

9    Finally, dismissal appears warranted in this case because the express procedure for

10   petitioner to challenge his sentence under California Three Strikes law, set forth in California

11   Penal Code § 1170.126, requires that he "file a petition for a recall of sentence . . . *before the trial*

12   *court that entered the judgment of conviction in his . . . case*, to request resentencing in

13   accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section

14   1170.12, as those statutes have been amended . . . ."  Cal. Penal Code § 1170.126(b) (emphasis

15   added).  The undersigned notes that such a request, filed in the Sacramento County Superior

16   Court, would be much more likely to provide petitioner with an immediate and targeted response

17   to the claims he has presented to this court.

18   /////

19   /////

20   /////

---

21   exhausted claim, and shares a "common core of operative facts" with that claim.  Mayle v. Felix,
     545 U.S. 644, 659 (2005).   In contrast, under the "Rhines procedure," a district court may stay a
22   mixed petition while the petitioner returns to state court to exhaust his unexhausted claims.
     Rhines v. Weber, 544 U.S. 269, 277-78 (2005); see also King, 564 F.3d at 1140.  A petitioner
23   who proceeds under Rhines is better able to avoid a statute of limitations problem.  However, the
24   requirements for granting a stay under Rhines are more stringent than in Kelly.  Under Rhines, a
     "'stay-and-abeyance is only appropriate when the district court determines there was good cause
25   for the petitioner's failure to exhaust his claims first in state court.'"  King, 564 F.3d at 1139
     (quoting Rhines, 544 U.S. at 277-78).  District courts may not grant a stay under Rhines if the
26   petitioner engaged in abusive litigation tactics or intentional delay, or if the unexhausted claims
27   are plainly meritless.  Id. at 278.  Thus, a "stay and abeyance [under Rhines] should be available
     only in limited circumstances," and "district courts should place reasonable time limits on a
28   petitioner's trip to state court and back."  Rhines, 544 U.S. at 277-78.

1    Accordingly, IT IS HEREBY ORDERED that:

2    1.  Petitioner's motion to proceed in forma pauperis (ECF No. 8), is granted.

3    Further, IT IS HEREBY RECOMMENDED that:

4    1.  Petitioner's petition for a writ of habeas corpus be dismissed without prejudice.  See

5    Rule 4, Rules Governing Section 2254 Cases.

6    2.  Petitioner's motion to recall his sentence (ECF No. 9) be denied as moot.

7    3.  The Clerk of Court be directed to close this case.

8    These findings and recommendations are submitted to the United States District Judge

9    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

10   after being served with these findings and recommendations, petitioner may file written

11   objections with the court.  Such a document should be captioned "Objections to Magistrate

12   Judge's Findings and Recommendations."

13   Should he file objections, petitioner may attempt therein to demonstrate how principles of

14   equitable tolling apply to his allegedly exhausted claim for relief (Ground Two) to render it

15   timely filed in this court.  If petitioner can so demonstrate, thus rendering the instant petition

16   "mixed," the court will vacate these findings and recommendations and grant petitioner leave to

17   request a stay and abeyance in this action while he exhausts his remaining claims for relief

18   (Grounds One, Three and Four) in the state courts.

19   Petitioner may also address in any objections he elects to file whether a certificate of

20   appealability should issue in the event he files an appeal of the judgment in this case.  See 28

21   U.S.C. 2253(c) (absent a certificate of appealability, an appeal may not be taken from the final

22   decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. §

23   2255).  Petitioner is advised that failure to file objections within the specified time may waive the

24   right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

25   Dated:  November 15, 2014

26

27   DAD:4
     rami1016.dsms.hc

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

28

7